NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL ESTEBAN RUBIO, | No. 18-73138 |
| Petitioner, | |
| v. | Agency No. A097-577-845 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2021**

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Raul Esteban Rubio, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision finding him removable and denying his motion to

terminate.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law.  *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008).  We grant the petition for review and remand.

Rubio was charged with removability based on his conviction under Nevada Revised Statutes ("NRS") § 195.030.  The agency sustained the charge, determined the conviction was an aggravated felony offense related to obstruction of justice, and ordered Rubio removed.  Our recent decision, *Valenzuela Gallardo v. Barr*, 968 F.3d 1053, 1069 (9th Cir. 2020), held that "California Penal Code [("CPC")] § 32 is not a categorical match with obstruction of justice under [Immigration and Nationality Act] § 101(a)(43)(S) because California's statute encompasses interference with proceedings or investigations that are not pending or ongoing." The text of NRS § 195.030 proscribes conduct analogous to that at issue in CPC § 32.  Thus, the sole charge of removability against Rubio cannot be sustained.

We remand to the agency for further proceedings consistent with this order. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.  If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.").

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED; REMANDED.**

18-73138